WILLIAM CHANDLER STEWART v. HOME FIRE AND MARINE INSURANCE COMPANY, OF CALIFORNIA.

Decided June 16, 1924.

**Sale of Personal Property—Conditional Bill of Sale—Insurance —Sold by Purchaser Before Payments Completed—Charge of Theft Not Sustained—If Any Crime, That of Embezzlement.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Edwards & Smith.*

*Contra, Katzenbach & Hunt.*

PER CURIAM.

This action was brought to recover on a policy of insurance covering an automobile, the title to which was in the plaintiff, and which he had sold under a conditional bill of sale to a man named Straus, one of the provisions of the bill being that the title to car should not pass to the purchaser until the whole of the purchase price should be paid, notwithstanding that immediate possession was to be given to

the purchaser. The policy was issued in the names of Stewart and Straus, as their respective interests might appear, and one of the perils insured against was theft, robbery or pilferage, excepting, however, the wrongful conversion or embezzlement by the vendee in possession under a conditional sale agreement. The trial resulted in a verdict in favor of the plaintiff, and the present rule to show cause was thereupon allowed to the defendant.

The case made by the plaintiff was that, after the car had been delivered to Straus and had been in his possession for some little time, he took it to New York and there sold it to a man named Schane, who was in the business of buying and selling second-hand cars. That the latter paid the agreed upon price for it, and that thereupon the car was delivered to him. That this transfer by Straus was in violation of one of the provisions of the bill of sale which prohibited him from transferring his interest in the car to a third person unless he first obtained the consent of the plaintiff. That a few days after the sale to Schane one Kelly, an employe of the plaintiff, was informed of the fact, and that he thereupon demanded the surrender of the car by Schane. That the latter did not comply with the demand, apparently being unwilling to part with the car until he had consulted with a lawyer and ascertained whether he was under a legal obligation to do so. That, subsequently, Schane concluded he had no right to retain the car, and turned it over to the plaintiff.

These facts, the plaintiff contended, demonstrated that there had been a theft of the car, and that, therefore, he was entitled to recover from the defendant insurance company under that clause in the policy which protected him against such theft. At the close of the case, counsel for the defendant moved for the direction of a verdict upon the ground that no theft of the car, within the meaning of the provision of the policy, had been proved. This motion was refused, and the case went to the jury, with the result already indicated.

In our opinion, this verdict is without legal justification, for the reason that the facts above recited will not support the conclusion that there had been a theft of the automobile. Theft, or larceny, involved the idea of a knowingly unlawful acquisition of property—that is, a felonious taking of it from one who has both the actual possession and the apparent right of possession. There was no such taking in this case, either by Straus or by Schane. The latter acquired the car in good faith from the lawful possessor thereof, so far as the proofs indicate, and, if it be assumed that the transaction involves criminality on the part of Straus, what he did amounted to an embezzlement, which is a fraudulent conversion of property by the possessor after its possession has been lawfully acquired. 9 *R. C. L.* 126, *item* 4. Mr. Justice Depue, in the case of *Gardner* v. *State*, 55 *N. J. L.* 24, says that "the natural import of the word *steal* is that of a *felonious* taking of property, or larceny." And that the parties to this litigation recognized this distinction is made plain by the excerpt from the policy which we have above recited, namely, that the embezzlement or secretion by the vendee in possession under a conditional sale shall not render the company liable under the clause of the policy insuring against theft.

The rule to show cause will be made absolute.