**CONTINENTAL INS. CO. v. DILLOW et al.**
**(No. 7369.)**

(Court of Civil Appeals of Texas. San Antonio. May 20, 1925.)

Insurance ⬤⟳425—Appropriation of auto by conditional vendee, or one in possession under him, not theft within insurance policy.

In action on automobile theft policy, evidence that automobile and purchaser, under conditional sale contract, disappeared at same time, and that car was seen in possession of purchaser's friend, *held* insufficient to show theft of car, inasmuch as conversion by purchaser lawfully in possession, or by another placed in possession by him, could not be a theft, under terms of policy.

Error from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by S. S. Dillow and another against the Continental Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed and rendered.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

F. M. Bransford, of Fort Worth, for defendants in error.

FLY, C. J. Defendants in error S. S. Dillow and C. L. Sheffield sued to recover of plaintiff in error on an insurance policy against theft, issued to them on a certain automobile, which they had sold to one Eugene Tateman, retaining a mortgage on said automobile. It was alleged that the automobile was stolen at some time between March 31 and April 7, 1923. The court instructed a verdict for defendants in error, and on such verdict judgment was rendered in favor of defendants in error for $412.46.

[1] The evidence failed to show a theft of the automobile. It was lawfully in possession of Eugene Tateman, to whom it had been sold by defendants in error. Tateman disappeared between March 31, and April 7, 1923, and the weight of the evidence tends to show that the automobile disappeared with him. There is some testimony tending to show that the automobile was seen in the possession of a friend of Tateman, but there was no evidence of the appropriation of the automobile. The evidence about the car being in possession of the boy friend of Tateman was very unsatisfactory and uncertain and did not tend to show theft. There was no testimony tending to show that Tateman had not put the young man in possession of the automobile. The weight of the testimony tended to show that the automobile was carried off by Tateman, who was in lawful possession of it, and his appropriation of it could not be theft.

The automobile was insured for Tateman, with a clause that the amount should be paid to Sheffield and Dillow as interest may appear, and it was specially provided that the insurance company would not be liable for "the wrongful conversion, embezzlement, or secretion by a mortgagor or vendee in possession under mortgage, conditional sale, or lease agreement." Under that provision, if Tateman carried off the automobile, or if he placed another in possession of the automobile who carried it off, theft was not shown. The evidence utterly failed to prove that the automobile was stolen, and, under the terms of the policy, the insurance company was not liable.

The case as presented indicates that defendants in error will not be able to show theft of the automobile, and it would seem useless to remand it for another trial.

The judgment is reversed, and judgment here rendered that defendants in error S. S. Dillow and C. L. Sheffield take nothing by their suit, and that plaintiff in error, the Continental Insurance Company, recover all costs in this behalf expended.