ABRAHAM B. BLOCK et al., Appellants, *v.* STANDARD INSURANCE COMPANY OF NEW YORK, Respondent.

Submitted January 5, 1944; decided April 6, 1944.

*Martin M. Kolbréner* for appellants. I. Defendant's policy specifically insured against larceny and the defendant is therefore bound to pay for a loss sustained as a result of a larceny. (*Edwards* v. *Maryland Motor Car Insurance Co.*, 204 App. Div. 174; *Bolling* v. *Northern Insurance Co. of N. Y.*, 253 App. Div. 693; *Rose* v. *Balfe*, 223 N. Y. 481; *Van Vechten* v. *American E. F. Ins. Co.*, 239 N. Y. 303; *People* v. *Seychew*, 257 App. Div. 1033; *Rose* v. *Bristol*, 174 App. Div. 15; *Nau* v. *Vulcan Rail & Construction Co.*, 286 N. Y. 188; *Home Insurance* v. *Trammel*, 160 S. W. 897; *Marcus* v. *Fidelity & Deposit Co.*, 164 App. Div. 859; *Matthews & Co.*, v. *Employers' Liability Assur. Corp., Ltd.*, 127 App. Div. 195; *Aldrich* v. *New York Life Ins. Co.*, 235 N. Y. 214; *Nellis* v. *Western Life Indemnity Co.*, 207 N. Y. 320; *Strauss* v. *Ernstein*, 232 N. Y. 187; *Aschenbrenner* v. *U. S. F. & G. Co.*, 292 U. S. 80; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405.) II. The case of *Van Vechten* v. *American E. F. Ins. Co.* (239 N. Y. 303) is distinguishable in that in the *Van Vechten* case the insurance was against " theft, robbery and pilferage." In this case the insurance was specifically against loss by " theft  *  *  * larceny, robbery and pilferage." (*Nau* v. *Vulcan Rail & Construction Co.*, 286 N. Y. 188; *Employers Fire Ins. Co.* v. *Bartee*, 87 Col. 147; *Home Ins. Co.* v. *Mathis*, 32 N. E. 2d 108; *Pennsylvania Indemnity Fire Corp.* v. *Aldridge*, 117 F. 2d 774.) III. What was true of common thought and common speech in 1925 regarding theft or larceny of an automobile is not true today, and the Court of Appeals should re-examine the reasoning which formed the basis of opinion in *Van Vechten* v. *American E. F. Ins. Co.* (*DeLong* v. *Massachusetts F. & M. Ins. Co.*, 142 Misc. 654.) IV. Defendant should not be permitted to say that the additional word " larceny," inserted by it in its policy, has no meaning, or that it means " theft," as defined in the *Van Vechten* case. (*Merl* v. *Standard Insurance Co. of New York*, 173 Misc. 230; *Allegheny Col.* v. *Nat. Chatauqua Co. Bank*, 246 N. Y. 369; *Rubin* v. *Dairymen's League Co-op. Assn.*, 284 N. Y. 32; *Underwood* v. *Globe Indemnity Co.*, 245 N. Y. 111; *Schweinburg* v. *Altman*, 145 App. Div. 377; *Nellis* v. *Western Life Indemnity Co.*, 207 N. Y. 320.)

*George I. Janow* and *Herman Young* for respondent. I. The policy under consideration does not cover a loss of the character sustained by plaintiffs. (*Callahan* v. *London & Lancashire Fire Ins. Co.*, 98 Misc. 589; *Bolling* v. *Northern Insurance Co. of N. Y.*, 253 App. Div. 693; *Van Vechten* v. *American E. F. Ins. Co.*, 239 N. Y. 303; *Glens Falls Insurance Co.* v. *Stewart*, 127 Misc. 353; *Schenectady Varnish Co., Inc.*, v. *Automobile Ins. Co.*, 127 Misc. 751; *Rush* v. *Boston Insurance Co.*, 88 Misc. 48; *Delafield* v. *London & Lancashire Fire Ins. Co., Ltd.*, 177 App. Div. 477; *Merl* v. *Standard Insurance Co. of New York*, 173 Misc. 230.) II. The coverage afforded by " theft " was not extended by the use of the term " larceny ", in its definition. (*Matter of Hermance et al.*, 71 N. Y. 481; *Kover* v. *Hudson Ins. Co.*, 192 Minn. 10; *Seither* v. *Penn Manufacturers Ass'n Cas. Ins. Co.*, 104 Pa. Super. 260; *LaMotte* v. *Retail Hardware Mut. Fire Ins. Co.*, 203 Wis. 41; *Fidelity & Guaranty Fire Corp.* v. *Ratterman*, 262 Ky. 350; *Home Ins. Co.* v. *Trammell*, 230 Ala. 278; *Hartford Fire Ins. Co.* v. *Wimbish*, 12 Ga. App. 712; *Merl* v. *Standard Insurance Co. of New York*, 173 Misc. 230; *Sutherland* v. *St. Lawrence County*, 101 App. Div. 299; *People* v. *Kenney*, 135 App. Div. 380; *Marcus* v. *Fidelity & Deposit Co.*, 164 App. Div. 859; *People ex rel.* v. *Donohue*, 84 N. Y. 438; *Kohler* v. *National Surety Corporation*, 153 Misc. 429.) III. Contracts such as these are to be given such reasonable interpretation as the ordinary man would attribute to their provisions. (*Assn. Protection Adirondacks* v. *MacDonald*, 253 N. Y. 234.) IV. Recoveries have not been allowed on policies the same as the one in the instant case. (*Shahin* v. *Niagara Fire Ins. Co.*, 265 App. Div. 397; *Katzenstein* v. *Merrimack Mutual Fire Ins. Co.*, 266 App. Div. 860.)

CONWAY, J. The plaintiff owner obtained from the defendant what is known as a " comprehensive " contract of insurance covering loss or damage to an automobile, except by collision. The contract provided in part, " VI. INSURANCE COVERAGES DEFINED * * * A. COMPREHENSIVE — LOSS OF OR DAMAGE TO THE AUTOMOBILE, EXCEPT BY COLLISION: Any loss of or damage to the Automobile including damage by missiles or falling objects and glass breakage from any cause but excluding all other loss the primary and immediate cause of which

is a collision of the Automobile and any other object, an upset of the Automobile or a collision of the Automobile and a vehicle to which it is coupled.

\* \* \* \* \* \* \*

"D-1. THEFT (BROAD FORM); Loss of or damage to the Automobile caused by Larceny, Robbery or Pilferage."

The plaintiff owner and her husband were driven by their chauffeur to Asbury Park, N. J. They were to stay over night at a hotel there. At the end of the day, the chauffeur was told that the automobile would not be needed again that evening and to put it in a garage. The chauffeur then said that the room which he had obtained was some two miles from the hotel and asked for permission to drive the automobile there, park it overnight in a parking lot which was in front of the house in which he had his room and that he would avail himself of the opportunity to wash the automobile in the lot. He was then given money for his room, meals, parking lot rental and for a brush and soap to wash the car. The chauffeur was told not to go joy-riding and promised that he would not. At about 9 o'clock on the following morning the plaintiffs were notified that there had been an accident. The chauffeur was found in a police station in Middletown and the automobile was found in a gully about twenty miles, toward New York City, from Asbury Park.

Upon that testimony the defendant rested and moved for a dismissal of the complaint upon the ground that the plaintiffs had failed to establish facts constituting a cause of action. That motion was granted.

Since loss or damage by collision is excepted, plaintiffs may recover only if the cause of the loss was the result of a larceny by the chauffeur. Defendant concedes, in its brief: "That the defendant would be responsible to its policyholder if his car was stolen by any person whosoever he may be and damage resulted from a collision or upset while the car was in the possession or under the control of a thief, is not disputed", (citing *Bolling* v. *Northern Insurance Co. of N. Y.*, 253 App. Div. 693, affd. 280 N. Y. 510) but argues that here the car was not stolen since it was merely taken unauthorizedly for a so-called joy-ride without intent to appropriate it permanently.

The Legislature of this State has defined the conduct of the chauffeur here as larceny. Penal Law, section 1293-a, reads as follows: "Any person who, under circumstances not constituting larceny as defined by any other section of this article shall, without the consent of the owner take, use or operate, or cause to be taken, used or operated an airplane or other aircraft or an automobile or other motor vehicle, for his own profit, use or purpose, steals the same, is guilty of larceny and shall be punishable accordingly."

It is equally the settled law of this State that a policy of insurance covering "theft, robbery or pilferage" does not include within those terms a violation of section 1293-a (supra). (Van Vechten v. American E. F. Ins. Co. [1925], 239 N. Y. 303; cf. Pennsylvania Indemnity Fire Corp. v. Aldridge, 117 F. 2d 774.) The policy in the Van Vechten case was apparently not the present form of "comprehensive" policy. Here the insurance company has insured against theft in its "Broad Form" and has defined it, not as theft, robbery or pilferage but as "Larceny, Robbery or Pilferage." The defendant wrote the policy and chose the words used. We must give effect to the word "comprehensive" and the definition of theft. To do so is to fasten liability upon the defendant. The average automobile owner knows that the taking of an automobile in manner such as was done here constitutes the crime of larceny. His legislative representatives voted for that enactment. The newspaper he reads contains reports of unauthorized temporary appropriations of automobiles and both he and the newspapers now use the word joy-ride as a definition of such an act. Such act is larceny and is so considered by the average man whether or not he is the owner of an automobile. Such is the ordinary meaning which "the average policyholder of ordinary intelligence, as well as the insurer, would attach to it." (Abrams v. Great American Ins. Co., 269 N. Y. 90, 92.)

Insurance companies properly seek, as a service to the public, to increase the risks insured against so long as the policy purchaser will pay the rate required by insurance experience for the increased coverage. Hence we find the use of the word "comprehensive". The rate was fixed upon that basis and the insured paid it for the comprehensive coverage.

The judgments should be reversed and a new trial granted, with costs to the appellants to abide the event. (See 292 N. Y. 621.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.