IRVING KAHN, Appellant, v. CRYSTAL LUMBER & TRIM CORPORATION et al., Respondents.— Action on a promissory note in which defendants counterclaim for the return of discounts paid at the rate of 3% a month on the ground that they had no knowledge of this charge exacted by plaintiff, their attorney, and that such an agreement was not a fair and reasonable one. Judgment for defendants reversed on the facts and a new trial granted, with costs to abide the event. In our opinion the verdict is contrary to the credible evidence. Further, there is substance to the contention of plaintiff that the bonuses paid at the time of making certain loans, which so far as appear in the record total the sum of $2,750, were not sums properly included within the counterclaim. The defendants, on the other hand, appear to have made an error in deducting interest charges at the rate of 6% per annum, and in the sum of $2,521.81, from the total additional charges comprising the bonuses and discounts at the rate of 3% a month. While it seems to be the law of the case, as charged without exception, that if there be a recovery for defendants it should be in the sum of $5,583.43, the error, if any, will be rectified on the new trial. Appeal from order denying plaintiff's motion to set aside the verdict and for a directed verdict dismissed, without costs. Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur. [See *post*, p. 862.]

SOL KATZENSTEIN, Appellant, v. MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Respondent.— Defendant issued a policy covering plaintiff's automobile and insuring against loss or damage, except by collision, but including theft. The automobile, while being operated without plaintiff's permission, was damaged and plaintiff recovered a judgment compensating him for the loss. On reargument (266 App. Div. 860), order of the Appellate Term [180 Misc. 1013], reversing a judgment of the Municipal Court of the City of New York, Borough of Queens, in plaintiff's favor, and dismissing the complaint, reversed on the law and the facts, the judgment entered thereon vacated, and the judgment of the Municipal Court in favor of plaintiff reinstated, with costs in this court and in the Appellate Term, on the authority of *Block* v. *Standard Ins. Co. of N. Y.* (292 N. Y. 270). Pursuant to section 587 of the Civil Practice Act, defendant is directed to make restitution of the costs collected by it under the original decision of this court made on June 14, 1943 [266 App. Div. 860]. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.