**ROYAL INS. CO., Limited, v. WM. CAMERON & CO., Inc.**

**No. 2623.**

Court of Civil Appeals of Texas. Waco.

Jan. 4, 1945.

Rehearing Denied Jan. 25, 1945.

Thompson, Knight, Harris, Wright & Weisberg and W. H. Neary, all of Dallas, for appellant.

Sleeper, Boynton, Darden & Burleson, of Waco, for appellee.

HALE, Justice.

Appellee sued appellant for the recovery of loss under a policy of insurance on a certain automobile alleging that such loss was caused by theft within the meaning of the policy. The case was tried before the court without a jury and resulted in judgment for appellee. Appellant says the judgment should be reversed and here rendered in its favor because neither the evidence nor the findings of the trial court established a loss covered by the policy.

Subject to certain exclusions, conditions and other terms, the policy sued upon provided coverage in item D–1 against "Theft (Broad Form)" which was defined to mean "Loss of or damage to the automobile caused by theft, larceny, robbery or pilferage." The policy further provided in its exclusions that it did not apply: "(g) under coverages W and D–1 to loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other incumbrance." In paragraph 7 of its conditions the policy also provided that "the insurance afforded by this policy shall not enure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile."

The undisputed evidence showed and the trial court expressly found that on and prior to November 1, 1943, Graham Cole was engaged in the City of Waco in the business of operating a service station and storing automobiles for members of the public; appellee was under a storage contract with Cole by the terms of which it regularly stored the automobile involved in this suit from month to month; J. B. Russell was an employee of Cole and was acting in the capacity as manager of the business so conducted by Cole; Tom Scott was also an employee of Cole and was subject to the supervision and direction of Russell; on November 1, 1943, appellee's vice president delivered the automobile to Russell at Cole's place of business under the storage contract with specific instructions to make certain minor repairs on the automobile or cause the same to be done and Russell agreed to do so; on the night of November 1, 1943, Russell and Scott used appellee's car in going to a dance several miles distant from Cole's place of business; and after the dance was over and while Russell was driving the automobile to his home at about 2:00 o'clock on the morning of November 2nd, he was involved in a collision in the City of Waco which resulted in the damage and loss complained of.

The trial court further found that Russell "did convert said Buick automobile to his own use without the consent of Wm. Cameron & Co., Inc.," and "did take and carry away the personal property of Wm.

Cameron & Co., Inc., without its consent, and that he was not entitled to the possession thereof and that he knew that he was not entitled to the possession thereof, with the intent to appropriate said Buick automobile to a use inconsistent with the property right of Wm. Cameron & Co., Inc., the corporate person from whom it was taken." Based upon its findings of fact the court concluded that appellee was entitled to recover of appellant the loss complained of and rendered judgment accordingly.

The trial court did not expressly find that Russell or Scott took or used the automobile with the intention of depriving appellee of its value or of permanently appropriating the same to their use and benefit and we think it must be held as a matter of law that there was no evidence whatsoever of any such intention. On the contrary, all the evidence, direct and circumstantial, showed that it was the intention of Russell at all times to return the automobile to Cole's place of business on the morning of November 2nd in order that the same might be available to appellee upon demand. Hence, in the absence of any felonious intent to steal, we are of the opinion that the loss complained of was not caused by theft, larceny, robbery or pilferage within the meaning of the policy sued upon. Couch's Cyclopedia of Insurance Law, Vol. 5, Sec. 1176a; Blashfield's Cyclopedia of Automobile Law, Perm.Ed., Vol. 6, § 3711; Home Ins. Co. of New York v. Brewton, Tex.Civ.App., 46 S.W. 2d 359 and authorities there cited.

Furthermore, the undisputed evidence showed and the trial court found in effect that appellee had voluntarily delivered the care, custody and temporary possession of the automobile to Russell under an express and implied contract of bailment with Cole. As manager of Cole's business and while acting in the discharge of his duties as such, Russell was undoubtedly in lawful custody and possession of the automobile as Cole's agent until appellee called for it. Although Russell knew he was not authorized to use the automobile for the purpose of going to or from a dance, yet such improper, unauthorized and temporary use alone did not, in our opinion, constitute "theft" of the automobile within the meaning of the contract and the law applicable thereto. Continental Ins. Co. v. Dillow, Tex.Civ.App., 273 S.W. 624; Stuart Motor Co. v. General Exchange Ins. Corpora-

tion, Tex.Civ.App., 43 S.W.2d 647, error refused; American Indemnity Co. v. Higgenbotham, Tex.Civ.App., 52 S.W.2d 653. Any other conclusion would render appellant liable for loss due solely to conversion or an unlawful use by a person in lawful possession of the automobile under a contract of bailment and would cause the policy to enure indirectly to the benefit of a bailee liable for loss to the automobile, contrary to the express conditions in the policy sued upon.

The evidence appears to have been fully developed and because we have concluded that it was the legal duty of the trial court under the undisputed evidence to render judgment for appellant, the judgment appealed from is reversed and judgment is here rendered that appellee take nothing by this suit.