George A. Arkwright, J.
The plaintiff, Louis Dembitzer, brings this action for a declaratory judgment to determine the issue as to whether or not the defendant Leonard Gilliam was covered by a policy of insurance issued by the defendant Nationwide Mutual Insurance Company (sued herein as the Nationwide Insurance Company) as of February 3, 1962, the date of an accident in which the plaintiff was injured by said defendant Gilliam’s automobile.
On said date at about 7:30 p.m., while plaintiff was crossing Bedford Avenue at the intersection with Eastern Parkway, in the Borough of Brooklyn, City and State of New York, as a pedestrian, he was struck by a 1956 Cadillac convertible automobile, registration number KIT 6171 NY, 1962, which was owned and operated by said defendant.
*488 On February 21, 1962, an action in the Supreme Court, Kings County, was brought by the plaintiff against the said Gilliam to recover for the injuries suffered by the plaintiff, as a result of the alleged negligence of the said defendant. Since no answer or notice of appearance was interposed in that action on behalf of the defendant Gilliam and since the defendant, Nationwide Mutual Insurance Company, which plaintiff alleges had issued insurance which was in effect at the time of the accident, covering the said automobile of Gilliam, for liability for damages for bodily injuries, the plaintiff on April 3, 1962, filed a notice of claim pursuant to article 17-A of the Insurance Law with the defendant Motor Vehicle Accident Indemnification Corporation, referred to herein as MVAIC. This corporation has disclaimed liability on the alleged ground that the said claimant is covered by the said mentioned insurance. The defendant Nationwide disclaims liability on the ground that it never insured the plaintiff. No written policy of insurance was ever issued or delivered to the defendant, Gilliam.
Timely notice of accident to the defendant insurance company was given as evidenced by a letter received from said company by plaintiff’s attorney on or about February 15, 1962, 12 days after the accident, in reply to a claim letter written by him to Gilliam, and a carbon copy thereof sent to Nationwide. The defendant Gilliam informed one Frank Collins, the agent of said company, of the accident on the Monday following its occurrence.
In July, 1961, Gilliam, who was employed in the trucking business by the Pier Service Trucking Company, of which one Abraham Mallis was the personal operator, purchased the said Cadillac automobile. Shortly thereafter, in order to obtain the necessary insurance to operate the ear, he was introduced by said Mallis at the latter’s office in Brooklyn, New York, to one Frank Collins, who had previously sold policies of insurance to said Mallis covering three trucks owned by the trucking company. The policies issued to the said company, when delivered a considerable time after purchase, were all issued by the Nationwide Mutual Insurance Company.
Gilliam paid Collins approximately $38 in part payment of the premium due on the insurance that he purchased. He received a receipt on a Nationwide letterhead. Upon receipt of this payment Collins issued to Gilliam a certificate of insurance (Form F-Sl) in the name of the Nationwide Mutual Insurance Company. In this certificate the company certified that it had issued a policy of insurance to Gilliam in compliance with the Motor Vehicle Financial Security Act. (Vehicle and Traffic *489 Law, § 310 et seq.) The said certificate dated July 19, 1961 was signed by said Frank Collins as “ authorized representative ” of the defendant Nationwide and stated that the policy period ran from July 19,1961 to December 28, 1961.
The issuance of this certificate was evidence of the agreement of insurance arrived at between Gilliam and Collins, as agent for Nationwide, and provided the defendant Gilliam with one of the requisites in order for him to obtain his vehicle license plates.
The certificate of insurance Form F-Sl containing the name of the Nationwide Mutual Insurance Company had been placed by said insurance company, or permitted by it to be, in the possession of the said Frank Collins, its agent, who was authorized by said insurance company to issue the certificates and to issue company policies (see Tomala v. Peerless Ins. Co., 20 AD 2d 206).
On or about May 7, 1962 the said Collins submitted his resignation to the said insurance company under circumstances which appear to have involved improper practices on his part. There is no proof that Gilliam was in any way therein involved. There had been no system maintained by the said insurance company to regulate control or verify the issuance of certificates of insurance.
Subdivision 5 of section 311 of the Vehicle and Traffic Law (Financial Security Act) provides: “ The term ‘ certificate of insurance ’ shall mean any evidence issued by or on behalf of an insurance company duly authorized to transact business in this state, stating in such form as the commissioner may prescribe or approve that such company has issued an owner’s policy of liability insurance on the motor vehicle or vehicles designated therein. ’ ’
The certificate of insurance issued to the defendant Gilliam, in addition to certifying that the insurance company had issued a policy of insurance complying with the Financial Security Act applicable with respect to the identified 1956 Cadillac automobile which belonged to the assured, contained, as required by the statute, the name and address of the said defendant as the person to whom the policy was issued and the effective period of the policy. The number of the policy was not stated. This item, although specified in the statute, is not regarded as an essential element in determining the liability of the defendant insurance company in view of the presence of the other required factors pointing to insuranc coverage. As stated by the court in Teeter v. Allstate Ins. Co. (9 A D 2d 176, 182, affd. 9 N Y *490 2d 655): “A certificate of insurance constitutes a representation by the insurance company to the public and to the State authorities that valid insurance coverage is in effect.”
The coverage continued in effect even though there might be a claim of fraud which at common law might justify rescission (not the case here), until the lapse of the required time after notice by the insurance company to the assured. (Vehicle and Traffic Law, § 313; Teeter v. Allstate Ins. Co., supra.) Although, as stated, the period of coverage was from July 19, 1961 to December 28, 1961, its effective operation continued beyond the date of the accident on February 3, 1962, since no notice of termination in compliance with the requirement of the statute had been given prior to that time.
The fact that the policy was not actually delivered to the assured does not prevent recovery as against the defendant insurance company for a liability incurred by its agent in dealing with the defendant Gilliam. The contract of insurance, even if not in writing, embraced within it all provisions which the statute required to be contained in policies of that type (Searle v. Southern Sur. Co. of N. Y., 139 Misc. 175). The law reads into the contract the standard policy whether it be referred to in terms or not. (Hicks v. British America Assur. Co., 162 N. Y. 284, 288; International Ferry Co. v. American Fid. Co., 207 N. Y. 350; Insurance Law, § 167; Vehicle and Traffic Law, § 345.)
The defendant Gilliam intended to purchase insurance coverage and was reasonably led to believe, by virtue of the issuance of the certificate of insurance, that he had done so. If he has been misled by Collins, the responsibility must be borne by the defendant Nationwide. As stated in section 261 of the Restatement of the Law of Agency 2d: “A principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud.”
The fact that only part payment of the premium had been made by the assured is no obstacle to effectuate a valid and binding agreement of insurance. “ [PJayment of premium, at the time of the oral agreement, is not necessary to make the contract binding on the company; if a credit be given by the agent it is equally obligatory.” (Squier v. Hanover Fire Ins. Co., 162 N. Y. 552, 555.)
The court must therefore conclude that the defendant Gilliam was covered by a valid contract of insurance in effect at the time of the accident in which he was involved; that the terms *491 of said contract of insurance were governed by the provisions of the applicable statutes heretofore referred to; that the defendant Nationwide Mutual Insurance Company received timely notice of said accident and that the circumstances leading to the situation which necessitated the instant action were due to the laxity in the operations of said company in placing the uncontrolled issuance of the certificates of insurance, identified by its name, in the hands of its agent, Collins.
The court declares judgment in favor of the plaintiff in accordance with these conclusions.
The motion made by defendant at the close of the plaintiff’s case is denied. (Painton v. Northern Cent. Ry. Co., 83 N. Y. 7, 14; Reshofshy v. Weisz, 53 Misc. 602.)