Edward Goodell, J.
The plaintiff’s motion for summary judgment is based upon a policy issued by the defendant insuring the plaintiff against loss 11 caused by theft, larceny, robbery or pilferage.”
The claimed loss in this case relates to a number of electric carts used on the plaintiff’s golf course.
It is alleged by the plaintiff that on the night of June 11, 1968 six of these carts, in accordance with the plaintiff’s custom, were stored in an open shed and that each cart was linked to the other by a chain that was locked. It is also alleged that the ignition keys to the carts were kept in the plaintiff’s office.
On the following morning, June 12, 1968, it was discovered that all six of the carts were missing and the chain that linked them together had been broken. The ignition keys, it is alleged, were still in the plaintiff’s office. After the plaintiff’s representatives telephoned to the local police department to report that the vehicles were stolen, the carts were discovered on various parts of the golf course in badly damaged condition. The record suggests that the carts may have been used to bump into one another.
Tn substance, insofar as the issue of fact is concerned as to whether the loss is due to a cause covered by the policy, the defendant’s position is that “the full and true facts of the alleged occurrence herein are not within the defendant’s knowledge, but solely within the knowledge of the plaintiff, or alternatively, within the sole knowledge of the plaintiff jointly with the alleged wrongdoers. ’ ’
*120 The plaintiff relies upon Block v. Standard Ins. Co. of N. Y. (292 N. Y. 270) where it was decided with respect to a “ comprehensive ” policy insuring against loss or damage “ caused by Larceny, Bobbery or Pilferage ” that an unauthorized use of an automobile “ for a so-called joy-ride without intent to appropriate it permanently ” constituted larceny and that its effect was ‘ ‘ to fasten liability upon the defendant. ’ ’
The defendant argues that the Block case (supra) is inapplicable in view of the changes in the Penal Law that became effective on September 1, 1967.
When Block v. Standard Ins. Co. of N. Y. was decided in 1944, section 1293-a of the Penal Law was operative. It provided in part that ‘1 Any person who * * * without the consent of the owner take, use or operate * * * an automobile or other motor vehicle, for his own profit, use or purpose, steals the same, is guilty of larceny ’ ’.
The Penal Law as amended on September 1, 1967 provides in part in section 165.05 that “ A person is guilty of unauthorized use of a vehicle when :
‘ ‘ 1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle.” Such “ unauthorized use of a vehicle is a class A misdemeanor.”
The Practice Commentary in McKinney’s Consolidated Laws of New York with regard to section 165.05 (Book 39, p. 500) states that it “is derived from existing Penal Law § 1293-a, defining the offense commonly known as ‘ joy riding ’, which does not legally amount to larceny because the intent is of a ‘ borrowing ’ rather than of a ‘ depriving ’ or ‘ appropriating ’ nature ”. The commentary also states “this offense is classified a misdemeanor” and “in a sense * * * represents a down-grading from the former law which, penalizing such conduct by the larceny standard, geared the punishment to the value of the vehicle (§ 1293-a).”
The question then is whether the policy provision in this case concerning ‘ ‘ larceny ” should be construed with reference to section 1293-a of the Penal Law as it was constituted prior to September 1, 1967 or with reference to section 165.05 of the Penal Law as amended on September 1, 1967.
In my view the rule stated by the Court of Appeals in the Block case (supra) is applicable here.
The policy in this case became effective on July 25, 1967 at a time when section 1293-a of the Penal Law was still in effect. It is fair to presume that it was issued with the intent of protecting the plaintiff in accordance with the law as then constituted. If *121 that were not the intent the issuance of the policy would have been deceptive in its purpose and effect. It is significant that the language of the paragraph entitled “ Coverage Gr — Theft (Broad Form) ” and providing for payment1 ‘ for loss of or damage to the automobile, hereinafter called loss, caused by theft, larceny, robbery or pilferage ” is so worded as to bring the policy within the terms of the Block decision. This language so closely follows the pattern of the insurance policy in the Block case as to lead to the conclusion that it was designed to come within the rule of that case.
The fact is that the policy was drawn by the defendant. It controlled the form and substance of the policy provisions. The choice of language was the defendant’s. While the court should not by construction increase the risk which the insured and the insurer contracted for, neither should it diminish that risk. The appropriate time for determining the scope of the coverage was the time of issuance for that was the moment when the defendant made its commitment and the insured accepted it. Resolution of any question as to meaning should be against the insurer since it prepared the policy.
Clearly had the incident complained of occurred between July 25, 1967 and September 1, 1967 the defendant would have been bound without question by the Block decision.
Considerations of equity and fair dealing point to the proposition that the word larceny should be defined in terms of the law as it was when the policy was issued and not as it would be prospectively. If the defendant intended that “ larceny ” should be construed differently than the New York law provided when the policy became effective, it, as the writer and issuer of the policy, should have so stated clearly and explicitly.
Pertinent rules of construction lead to the same conclusion. There is a substantial body of case law pointing to the law at the time of issuance as the critical consideration. Thus it is the rule that " the statutory law in force and effect at the time of the issuance of a policy becomes a part of the contract as though expressly written therein, and a policy must be considered to contain those requirements.” (12 Appleman, Insurance Law and Practice, § 7041. See, also, Warren v. Postal Life Ins. Co., 163 App. Div. 638 ; Archer v. Equitable Life Assur. Soc. of U. S., 218 N. Y. 18 ; Dembitzer v. Gilliam, 44 Misc 2d 487).
Similarly, as stated by Appleman, ‘ ‘ an insurance contract is not affected by the repeal of a statute, in force when the policy issued ”; and “ Statutes subsequently passed can have no effect upon the contract rights ” (Insurance Law and Practice, vol. 12, § 7041).
*122 In the Bloch case the Court of Appeals adopted the statutory definition of larceny and since this policy was issued when that statute was still in full force and effect it is my opinion that the term “ larceny ” as used in the policy involved in this case has the meaning ascribed to it in the Bloch case.
Nevertheless while it is my opinion that the Bloch case is applicable, there is a question of fact here that requires determination at a trial rather than summarily on this motion. The issue is whether the use of the carts was authorized or unauthorized.
As previously noted the plaintiff alleges the use was unauthorized while the defendant’s position is that it lacks knowledge as to how the incident occurred.
The plaintiff suggests in its reply affidavit that it would not object “to having the Court apply the provisions of CPLB 3212(f) and giving the defendant a continuance to permit affidavits to be obtained or disclosures to be had in support of its position. ’ ’
In my view it is preferable in this case to apply the alternative provision of CPLB 3212 (subd. [f]).
It may well be that the trial will result in a finding that the damage occurred as a result of unauthorized use as claimed by the plaintiff. Nevertheless the question of whether use was authorized or unauthorized is one of fact that, in my opinion, should not be disposed of summarily on the basis of affidavits. The defendant, as I see it, is entitled to have that issue subjected to and ascertained by the searching test that only an adversary proceeding in open court cán provide.
Accordingly, for the stated reason, the plaintiff’s motion for summary judgment is denied.