[Civ. No. 40214. Second Dist., Div. Four. Jan. 31, 1973.]

DOROTHY SWANSON JACKSON, Plaintiff and Appellant, v.
TEACHERS INSURANCE COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Sweet, Norman & Siple, Randolph E. Siple and Jon H. Robinson for Plaintiff and Appellant.

Kosdon & Loughran, Benjamin F. Kosdon, Patrick Loughran, Archbald, Zelezny & Spray and Kenneth L. Moes for Defendants and Respondents.

**OPINION**

**JEFFERSON, J.**—Plaintiff Dorothy Jackson brought an action for declaratory relief against the two defendant insurance companies, Teachers Insurance Company and State Farm Mutual Automobile Insurance Company (hereinafter referred to, respectively, as Teachers and State Farm). She sought a determination of rights and liabilities contained in two policies of comprehensive automobile insurance which had been issued to her by the defendant insurers with respect to her loss of a 1968 Chevrolet Caprice automobile.

The trial court sustained the defendant's demurrers to plaintiff's second amended complaint without leave to amend. Judgment of dismissal was duly entered on behalf of defendant State Farm. On the court's own motion, and pursuant to a stipulation made orally in open court on January 16, 1973, the judgment of dismissal on behalf of defendant Teachers, which was not included in the appellate record, was transmitted to this court and made part of the record on appeal.

Plaintiff has appealed from the "minute orders" setting forth the trial court's decision to sustain the demurrers. It is well settled that such orders are nonappealable pursuant to Code of Civil Procedure section 904.1. (*Curnutt* v. *Holk,* 203 Cal.App.2d 6 [21 Cal.Rptr. 224]; *People* ex rel. *Dept. Pub. Wks.* v. *Clausen,* 248 Cal.App.2d 770 [57 Cal.Rptr. 227]; *Amerson* v. *Christman,* 261 Cal.App.2d 811 [68 Cal.Rptr. 378]; *Rios* v. *Torvald Klaveness,* 2 Cal.App.3d 1077 [83 Cal.Rptr. 150].) Since the judgments of dismissal were subsequently entered and are part of the record before us, the appeal will be considered on the merits against both defendants, as taken from the subsequent judgments. (*Willson* v. *Burner,* 230 Cal.App.2d 947 [41 Cal.Rptr. 449]; *Paulsen* v. *Leadbetter,* 267 Cal.App.2d 148, 150 [72 Cal.Rptr. 819].)

Plaintiff's second amended complaint sets forth the following factual situation: On May 23, 1969, plaintiff purchased a policy of automobile insurance from State Farm, which included coverage for loss from theft of the automobile; the named vehicle was totalled out during the effective dates of the policy, i.e., from May 9, 1969, through November 9, 1969, but plaintiff replaced that vehicle with a 1968 Chevrolet Caprice, on September 9, 1969. When her coverage with State Farm expired, she obtained other similar insurance with defendant Teachers, also including theft coverage, which was in force on February 11, 1970, when the Chevrolet was taken from the plaintiff by members of the Los Angeles Police Department, who informed her that the Chevrolet had been stolen on August 9, 1969, from the National Research Chemical Company, and would be returned to its rightful owner.

Plaintiff then filed claims of loss with both insurance companies, who denied coverage and liability. The action for declaratory relief followed.

On this appeal, plaintiff contends that the trial court erred in sustaining the demurrers to her amended complaint without declaring the rights and liabilities of the parties pursuant to the written contracts of insurance. There are a number of cases upholding a judgment of dismissal entered pursuant to an order sustaining a demurrer without leave to amend, when

the complaint shows that there is no possible cause of action on the facts alleged.[1]

" . . . the remedy of declaratory relief is subject to an informed and sensible discretion of the trial judge. (Code Civ. Proc., § 1061.)" (*Western Homes* v. *Herbert Ketell, Inc.,* cited *supra,* at p. 146.) ■ We find no abuse of discretion in the trial court's refusal to make declarations here. It should be noted that plaintiff's claim appears to be a liquidated one, for an amount equal to the value of the 1968 Chevrolet Caprice, and the need for declaratory relief in the superior court is questionable. (*Travers* v. *Louden,* 254 Cal.App.2d 926, 929 [62 Cal.Rptr. 654]; *Bachis* v. *State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722, 727 [71 Cal.Rptr. 486].) It appears that plaintiff has a fully matured cause of action for money, if any cause exists at all.

After reviewing the allegations of her complaint, we have concluded that plaintiff herein has not pleaded a cause of action for declaratory relief, or for any relief at all on any theory.

The defendants have argued that plaintiff has not alleged a "loss" from theft, within the meaning of their respective policies, and we agree. Plaintiff contends that the loss she sustained by purchasing a stolen motor vehicle on September 9, 1969 (which ultimately led to the taking of the vehicle from her in February 1970), was a "theft" and thus a compensable loss within the meaning of her policies of insurance. She argues that the term "theft" is generic, encompassing various kinds of takings. "In construing the word 'theft' it should be given the usual meaning and understanding employed by persons in the ordinary walks of life, and should be construed as common thought and common speech now imagine and describe it." (*Granger* v. *New Jersey Ins. Co.,* 108 Cal.App. 290, 294 [291 P. 698].)

It has been held to mean a felonious taking, with the intent to deprive the insured permanently of his car. (See 48 A.L.R.2d 8, and numerous cases cited therein; *Fiske* v. *Niagara Fire Ins. Co. of New York,* 207 Cal. 355 [278 P. 861]; *Hayes* v. *Financial Indem. Co.,* 118 Cal.App.2d Supp. 883 [257 P.2d 765].) Plaintiff's actual loss, on September 9, 1969, was the funds paid by her for the stolen automobile; the purchase of the car was no more a "theft" within the meaning of the insurance policy appli-

---

[1]*Western Homes* v. *Herbert Ketell, Inc.,* 236 Cal.App.2d 142, 146 [45 Cal.Rptr. 856]; *Silver* v. *City of Los Angeles,* 217 Cal.App.2d 134 [31 Cal.Rptr. 545]; *West Coast Poultry Co.* v. *Glasner,* 231 Cal.App.2d 747 [42 Cal.Rptr. 297]; *Pylon, Inc.* v. *Olympic Ins. Co.,* 271 Cal.App.2d 643, 657 [77 Cal.Rptr. 72].

cable than was the subsequent taking of the vehicle by the police on February 11, 1970, as agents for the rightful owner.

Since we have concluded that there was no "theft" within the meaning of either policy of insurance, we do not reach the question of whether the vehicle herein involved was an owned vehicle within the meaning of the policies.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.