[Civ. No. 27586.   Second Dist., Div. Three.   Jan. 20, 1965.]

WEST COAST POULTRY COMPANY, Plaintiff and Appellant, v. JUDA GLASNER, Defendant and Respondent.

748

Joseph W. Fairfield and Ethelyn F. Black for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Defendant and Respondent.

KAUS, J.—Appeal from judgment of dismissal which followed the sustaining of respondent's demurrer to appellant's first amended complaint for declaratory relief without leave to amend.

In the original complaint appellant alleged in substance as follows: Respondent contends that he is an ordained orthodox Rabbi and is employed by the California Department of Public Health as inspector of kosher foods in job classification number 9034 of the State Personnel Board, one of the prerequisites of which is that the state kosher food inspectors must be orthodox Rabbis. Appellant is engaged in the kosher poultry business under the constant supervision and inspection of the California State Board of Public Health. Hebraic law requires that only an orthodox Rabbi is qualified to determine if poultry is kosher according to Hebraic Orthodox religious requirements. A dispute has arisen between appellant and respondent in that appellant contends that although respondent may be a Rabbi he is not an orthodox Rabbi, whereas respondent contends that he is an orthodox Rabbi. A declaration is sought "for if defendant is not an orthodox Rabbi as plaintiff contends, defendant lacks the qualifications and status to determine whether poultry is kosher or not."

Respondent's demurrer to the original complaint was sustained. In the first amended complaint the substance of the allegation is as follows: Respondent contends that he is an ordained orthodox Rabbi. Hebraic law provides that a

lawfully ordained orthodox Rabbi is privileged to enter any kosher business establishment to inspect whether the establishment adheres to kosher standards. Repondent has been exercising this prerogative of Hebraic law and repeatedly enters upon the premises of appellant to determine whether appellant's premises and procedures are kosher. Hebraic law further states that if admission to an orthodox Rabbi is refused, such refusal is publicized and the establishment loses its status as a kosher place of business. Therefore, if respondent is indeed an orthodox Rabbi, should appellant deny him admission, it would be in danger of losing its status as a kosher establishment among orthodox Jews. On the other hand if respondent is not an orthodox Rabbi, appellant can safely deny him admission. Personal animosity exists between respondent and appellant. Respondent contends that he is an ordained orthodox Rabbi, visits and continues to visit appellant's place of business, pretends to examine it and has in the past repeatedly misrepresented and falsely charged appellant with operating a nonkosher establishment and has filed complaints with the district attorney charging appellant with violating the Penal Code, section 383b, although he knew full well that the establishment was kosher. There is an actual controversy, appellant contending that respondent is not an orthodox Rabbi and respondent contending to the contrary.

A demurrer to the first amended complaint was sustained without leave to amend. The minute order reads in full as follows: *"Demurrer Sustained without leave to amend.* Plaintiff has attempted to amend by omitting allegation as to defendant's official status. This is not explained (Wennerholin v. Stanford School A Medicine)[1], and the first complaint has not been improved. Whether or not Glasner is an orthodox Rabbi is an ecclesiastical question not to be determined by this Court. The Court takes judicial notice he is an officer of the State Department of Public Health. No justiciable controversy under Code of Civil Procedure section 1060 is stated, and the Court determines this is not a proper case for the exercise of its jurisdiction. (Code Civ. Proc., § 1061.) Counsel for defendant to prepare Judgment. Counsel notified."

Thereafter a judgment of dismissal was signed and filed which recited, among other things, ". . . the demurrer having been argued and submitted and it having been determined

[1]This citation is an obvious reference to *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].

by this court that no justiciable controversy under Code of Civil Procedure section 1060 or otherwise has been stated; that this is not a proper case for exercise of the court's jurisdiction (Code Civ. Proc., § 1061); that whether or not defendant Juda Glasner is an orthodox Rabbi is an ecclesiastical question not to be determined by this court; . . ."

This case appears to be another chapter in the struggle between segments of the Jewish Orthodox religion. A glimpse at the nature of the problems involved is afforded by reading *Erlich* v. *Municipal Court*, 55 Cal.2d 553 [11 Cal.Rptr. 758, 360 P.2d 334]; *Erlich* v. *Etner*, 224 Cal.App.2d 69 [36 Cal. Rptr. 256] and *Glickman* v. *Glasner*, 230 Cal.App.2d 120 [40 Cal.Rptr. 719], all actions brought by the same attorneys who represent appellant herein. While it seems probable that the real point of difference between the parties hereto is not so much whether respondent is an ordained orthodox Rabbi but whether or not respondent is recognized as ordained by the segment of the Jewish Orthodox religion to the rituals of which appellant adheres, we expressly do not base our reasons for sustaining the action of the trial court upon that ground, but assume that the controversy is as stated, that is to say that appellant contends that respondent is not any kind of an orthodox Rabbi.

We find that the discretion under Code of Civil Procedure, section 1061 was properly exercised in this case.

█ The trial court quite correctly considered the allegation of the original complaint that respondent was the Kosher Food Law Representative[2] of the State of California in ruling on the demurrer to the first amended complaint. No explanation was offered for the omission of the allegation. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].) Appellant states in its brief that the reason for the omission of the allegation could "easily be explained." We have heard no explanation.

█ The amended complaint does not allege that respondent seeks the privilege to inspect appellant's premises in any capacity other than as the Kosher Food Law Representative of the State of California. It is thus entirely proper for us to consider the question posed by this appeal as follows: Is appellant entitled to a declaration that the Kosher Food Law Representative of the State of California is not an ordained orthodox Rabbi in accordance with job classification number 9034?

---

[2]This being the correct name of the position respondent holds.

The answer must be "no", based upon reason and precedent. For precedent we need look no further than *Glickman* v. *Glasner, supra,* where at page 125 the court quotes with approval the following paragraph from the trial judge's memorandum: "(1) Defendant Glasner's qualification for his employment as Kosher Food Inspector cannot be attacked in this proceeding. The determination of qualifications for public employment and the determinations of discipline and dismissal of such personnel rests in the hands of the State Civil Service and Personnel Boards, not in the courts at the instance of private litigants. (E.g., see Gov. Code, §§ 18700 et seq., 19570 et seq.; cf. *Cross* v. *Tustin* (1958) 165 Cal.App. 2d 146 [133 P.2d 785].)"

Even without a spotted horse case such as *Glickman* v. *Glasner, supra,* we have come to the conclusion that if the qualifications of respondent as an orthodox Rabbi can be questioned in judicial proceedings, this action for declaratory relief is not appropriate. We express no opinion at this time whether the Attorney General can proceed under Code of Civil Procedure section 803 to determine whether respondent unlawfully holds a "public office." Appellant can certainly try to move the Attorney General to act. He cannot act directly. (*Hallinan* v. *Mellon,* 218 Cal.App.2d 342 [32 Cal. Rptr. 446].) Another possible remedy which may be open to appellant to test the legality of respondent's appointment would be a taxpayer's suit under Government Code section 19764. Again we merely state this as a possibility. ■ We are convinced, however, that if, as appellant claims, respondent is not an orthodox Rabbi, such may constitute a cause for discipline under Government Code section 19572, subdivision (a) on the basis of "fraud in securing appointment" or under Government Code section 19572, subdivision (b) for "incompetency." Such punitive action would have to be initiated by the appointing power, in this case the Department of Public Health. We are convinced that to permit private parties whose business brings them into contact with civil service employees of the state to have their status as civil service employees questioned in private actions for declaratory relief would cause utter havoc.

Suppose, for example, plaintiff prevails in the present action and an appeal is taken. Suppose further that another establishment similarly situated brings a different action in a different county and loses. It appeals. What would be respondent's status pending the determinations of the two ap-

peals? Granted that perhaps conflicting results on the two appeals are avoidable because of the extraordinary situation —see *Southern Pacific Co.* v. *City of Los Angeles,* 5 Cal.2d 545 at p. 548 [55 P.2d 847]—the Kosher Food Law Representative of the State of California in the meanwhile may be in a position where he can inspect one establishment and not inspect another. Even if eventually the plaintiffs in both declaratory relief actions prevail, what would be respondent's status with respect to other establishments in the state? Is the result of the actions binding on the state which is not a party as such? We do not attempt to answer these questions but merely raise them in order to show that the trial judge's discretion in declining declaratory relief was wisely exercised.

■ Appellant is not entirely without a direct remedy. The California Constitution, article XXIV, section 2, subdivision (c), provides that dismissals, demotions, suspensions and other punitive actions are the duty of the State Personnel Board. While undoubtedly the board has wide discretion in deciding whether or not to institute administrative proceedings against respondent, that discretion, in case of abuse, is subject to judicial control by writ of mandate. (*Leftridge* v. *City of Sacramento,* 59 Cal.App.2d 516, 525-526 [139 P.2d 112]; *Wilson* v. *Los Angeles County Civil Service Com.,* 103 Cal.App.2d 426, 431-434 [229 P.2d 406].)

Even if we disregard, as far as the amended complaint is concerned, the fact pleaded in the original complaint that respondent is the Kosher Food Law Representative of the State of California, the exercise of the discretion of the trial court to deny declaratory relief must be sustained.

Although it by no means appears clearly from the amended complaint that respondent threatens to enter and inspect appellant's premises in the future, we assume that any uncertainty on that point can be removed by amendment. Yet it seems to us that the controversy that remains is not truly justiciable.

■ What was said in *Monahan* v. *Department of Water & Power,* 48 Cal.App.2d 746, 751 [120 P.2d 730], almost a quarter of a century ago is still true today: "In that connection we may well observe that not only must the controversy be a justiciable controversy, as distinguished from 'a difference or dispute of a hypothetical or abstract character; from one that is academic or moot,' but it must be 'definite and concrete, touching the legal relations of the parties having adverse legal interests.' (*Aetna Life Ins. Co.* v. *Haworth,* 300

U.S. 227 [57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000].)
■ In short, the controversy must be of a character which admits of specific and conclusive relief by judgment within the field of judicial determination, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. ■ The judgment must decree, and not suggest, what the parties may or may not do.''

What decree could the court make in this case? True, if the court should decide that respondent is not an ordained orthodox Rabbi and appellant refuses him admission, he will have a judgment to point to if the orthodox community boycotts his establishment, but it would be no guarantee of continuing patronage. Will the judgment prevent respondent from claiming that he is an ordained orthodox Rabbi? Will it prevent a segment of the orthodox community from following respondent's interdicts? The most that can be said is that it would add a weapon to appellant's armory. On the other hand if it is decided that respondent is an ordained orthodox Rabbi, what can the judgment decree, rather than advise? Appellant could still refuse him admittance to its premises and take the risk of ostracism by the orthodox community. Nothing the court can do can change the legal privilege of appellant to keep respondent out or confer a legal right in respondent that appellant let him enter and inspect. What in effect appellant is asking for is business advice rather than judicial determination.

Appellant makes no point of the procedure employed in the court below, that is to say the use of a demurrer as the procedural device with which to appeal to the discretion reposed in the court under Code of Civil Procedure, section 1061 and therefore we mention it only briefly. ■ While it has been held that it is the better practice for the trial court to exercise its discretion to refuse relief by some procedure other than the sustaining of a general demurrer—*Moss* v. *Moss,* 20 Cal.2d 640, 642-643 [128 P.2d 526, 141 A.L.R. 1422]—the use of a demurrer certainly is not reversible error, particularly where, as here, it clearly appears both from the minute order and the judgment of dismissal that the trial court's action was based upon the exercise of its discretion. (See also *Simpson* v. *Security First Nat. Bank,* 71 Cal.App.2d 154, 157-158 [162 P.2d 494]; *Fairchild* v. *Bank of America,* 192 Cal.App.2d 252, 260-262 [13 Cal.Rptr. 491].)

Since we have determined that the trial court properly exercised its discretion under Code of Civil Procedure, section

1061, it is unnecessary for us to determine whether appellant stated a cause of action for declaratory relief, favorable or unfavorable.

Finally appellant objects to the appearance of the Attorney General on behalf of respondent. The basis for this objection is apparently the lack of reference to respondent as the Kosher Food Law Representative in the amended complaint.

Without pausing to consider whether appellant has any standing to raise this objection for the first time on appeal or, for that matter, to raise it at all in this proceeding, we again point to the verified allegation in the original complaint concerning respondent's status as the Kosher Food Law Representative of the State of California. ▮ In any event Government Code section 12512 authorizes the Attorney General to "defend all causes to which the State, or any State officer is a party in his official capacity. . . ."

There is nothing in that section that requires that the fact that a state officer is sued in his official capacity appear from the face of the complaint.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied February 9, 1965, and appellant's petition for a hearing by the Supreme Court was denied March 17, 1965. Mosk, J., did not participate therein.