[No. A109948. First Dist., Div. Three. Feb. 7, 2006.]

MARY E. CREIGHTON DeLAURA, as Trustee, etc., Plaintiff and Appellant, v.
JAMES BECKETT, Defendant and Respondent.

## COUNSEL

Zacks Utrecht & Leadbetter, Andrew M. Zacks and James B. Kraus for Plaintiff and Appellant.

Crow & Rose, Dave Crow and Solvejg Rose for Defendant and Respondent.

## OPINION

**POLLAK, J.**—Mary E. Creighton DeLaura appeals from a judgment dismissing her first amended complaint for declaratory relief against her tenant, James Beckett. The court entered the judgment of dismissal after it sustained without leave to amend Beckett's demurrer to the complaint on the ground that it failed to allege a justiciable controversy. We conclude that the demurrer was properly sustained because the applicability of certain provisions of the San Francisco Rent Stabilization and Arbitration Ordinance (rent ordinance) to Beckett's tenancy is more appropriately resolved through an administrative hearing before the San Francisco Rent Board.[1] Accordingly, we affirm the judgment.

---

[1] The rent ordinance is located in chapter 37 of the San Francisco Municipal Code.

## Factual and Procedural Background

DeLaura, in her capacity as trustee for the Mary E. Creighton DeLaura trust, owns residential property at 20 Vulcan Street in San Francisco. There are two free-standing buildings on the property. Beckett rents one of the buildings, a single family dwelling, pursuant to a written lease agreement.

In February 2004, when Beckett learned that DeLaura was planning to subdivide the property to create two separate parcels, he wrote to the San Francisco Department of Public Works requesting a public hearing on the subdivision application. In that letter, Beckett asserted that he was "in a protected class of tenants" under the rent ordinance.[2] Although the record does not reflect what further action if any was taken on the subdivision application, it appears that the property was not subdivided and DeLaura now wishes to sell the property in its entirety.

In anticipation of the sale, DeLaura filed her first amended complaint for declaratory relief seeking "a judicial determination of her rights and obligations under the lease, and the rent ordinance." Specifically, she seeks a declaration that Beckett is not a protected tenant under the rent ordinance. She alleges that "an actual controversy has arisen and now exists between plaintiff and defendant concerning their respective rights and duties under the lease in that plaintiff contends, and defendant disputes, that because there is only one rental unit in the building containing the premises, pursuant to Section 37.9(i)(2) of the San Francisco rent ordinance, defendant's tenancy is not subject to the limitations in Section 37.9(i)(1) of the San Francisco rent ordinance, on the owner's right to recover possession of defendants unit under section 37.9(a)(8) of the San Francisco rent ordinance." The complaint explains further that "plaintiff does not intend to owner occupy the premises herself . . . . Plaintiff rather intends to market the subject property and is entitled to the declaration sought in this action, so that she can accurately represent the rights and obligations between the landlord (new owner) and the tenant (defendant), to prospective buyers."

---

[2] Under section 37.9, subdivision (i)(1) of the rent ordinance, "A landlord may not recover possession of a unit from a tenant under Section 37.9(a)(8) [for owner occupancy] if the landlord has or receives notice, any time before recovery of possession, that any tenant in the rental unit: (A) Is 60 years of age or older and has been residing in the unit for 10 years or more; or [¶] (B) Is disabled within the meaning of Section 37.9(i)(1)(B)(i) and has been residing in the unit for 10 years or more, or is catastrophically ill within the meaning of Section 37.9(i)(1)(B)(ii) and has been residing in the unit for five years or more . . . ." Section 37.9, subdivision (i)(2) of the rent ordinance provides that the eviction protections found in subdivision (i)(1) "shall not apply where there is only one rental unit owned by the landlord in the building . . . ."

Beckett's demurrer to the first amended complaint on the ground that the complaint failed to allege a justiciable controversy was sustained without leave to amend. DeLaura filed a timely notice of appeal from the resulting judgment.

DISCUSSION

■ " 'The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject.' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [124 Cal.Rptr.2d 519, 52 P.3d 695].) The court may sustain a demurrer on the ground that the complaint fails to allege an actual or present controversy, or that it is not "justiciable." The court also may sustain a demurrer without leave to amend if it determines that a judicial declaration is not "necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061; see *Wilson v. Transit Authority* (1962) 199 Cal.App.2d 716, 721 [19 Cal.Rptr. 59].) The California Supreme Court has explained, "the court properly may refuse to grant relief where an appropriate procedure has been provided by special statute and the court believes that more effective relief can and should be obtained through that procedure. [Citations.] . . . In such a situation, the superior court would abuse its discretion if it permitted the plaintiff, by initiating an ordinary declaratory relief action, to circumvent the particular procedures and other provisions specified by the Legislature in the statutory scheme that was intended to govern such disputes."[3] (*Filarsky v. Superior Court, supra*, 28 Cal.4th at p. 433; see also *West Coast Poultry Co. v. Glasner* (1965) 231 Cal.App.2d 747, 753 [42 Cal.Rptr. 297].) Here, DeLaura contends that her complaint adequately alleges an actual and present controversy and that declaratory relief is necessary and proper because "there is no more appropriate body for determining Beckett's entitlement to protected status."

We have reservations over Beckett's principal argument that there is no actual and present controversy simply because DeLaura does not seek to evict him from the property. DeLaura wishes to sell the property and its value is being significantly affected by Beckett's assertion, which he does not disavow, that he is a protected tenant under the rent ordinance who may not be evicted from the property. DeLaura disagrees and understandably wants to be able to represent to prospective buyers that they will be entitled to remove

---

[3] The parties disagree as to the applicable standard of review. (See *City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 58–59 [24 Cal.Rptr.3d 72] [recognizing disagreement as to whether the appropriate standard of review should be abuse of discretion or de novo].) However, in *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 433 [121 Cal.Rptr.2d 844, 49 P.3d 194], our Supreme Court made clear that whether declaratory relief is "necessary or proper" is subject to review under the abuse of discretion standard.

Beckett from the property if they purchase it. The facts concerning whether Beckett is or is not a protected tenant are now fixed. There is nothing uncertain or speculative about the issue over which they disagree. The existence of the disagreement over Beckett's status under the rent control ordinance is having a present adverse effect upon DeLaura. If Beckett does not claim to be a protected tenant, he can easily say so and avoid the entire controversy. However, if as the complaint alleges he does make such a claim, DeLaura should be able to determine its validity without assuming the risks either of an unlawful eviction or selling the property for less than its fair value. (Cf., e.g., *Hess v. Country Club Park* (1931) 213 Cal. 613, 616 [2 P.2d 782] [declaratory relief available to determine applicability of covenants and conditions because of changed conditions in the character of the neighborhood]; *Alameda County Land Use Assn. v. City of Hayward* (1995) 38 Cal.App.4th 1716, 1723–1724 [45 Cal.Rptr.2d 752] [declaratory relief available to challenge ability of cities and county to restrict ability to amend its general plan].)

Nonetheless, contrary to DeLaura's assertion, there is a more appropriate statutory procedure for determining Beckett's status as a protected tenant. Section 37.9, subdivision (i)(4) of the rent ordinance provides, "Within 30 days of personal service by the landlord of a written request, or, at the landlord's option, a notice of termination of tenancy under Section 37.9(a)(8), the tenant must submit a statement, with supporting evidence, to the landlord if the tenant claims to be a member of one of the classes protected by Section 37.9(i). The written request or notice shall contain a warning that a tenant's failure to submit a statement within the 30 day period shall be deemed an admission that the tenant is not protected by Section 37.9(i). The landlord shall file a copy of the request or notice with the Rent Board within ten days of service on the tenant. A tenant's failure to submit a statement within the 30 day period shall be deemed an admission that the tenant is not protected by Section 37.9(i). A landlord may challenge a tenant's claim of protected status either by requesting a hearing with the Rent Board or, at the landlord's option, through commencement of eviction proceedings, including service of a notice of termination of tenancy. In the Rent Board hearing or the eviction action, the tenant shall have the burden of proof to show protected status. No civil or criminal liability under 37.9(e) or (f) shall be imposed upon a landlord for either requesting or challenging a tenant's claim of protected status." DeLaura fails to explain why this straightforward procedure would not sufficiently resolve her concerns.

■ Although subparagraph (4) is part of section 37.9, subdivision (i) of the rent ordinance, which applies "to a landlord who seeks to recover a rental unit by utilizing the grounds enumerated in Section 37.9(a)(8)" and DeLaura is not herself seeking to recover possession of Beckett's unit, we do not read subparagraph (i)(4) as restricted to such a situation. The ordinance absolves a

landlord seeking to evict a tenant from liability for serving a notice of termination when there is a dispute concerning the protected status of the tenant. There would be no point in the alternative written request procedure if it were not available prior to the time at which the landlord seeks to recover the rental unit. Thus, under subdivision (i)(4), the landlord may proceed by serving the tenant with a written request for verification of the tenant's status under the rent ordinance, which will require the tenant either to abandon or establish the validity of his or her claim to protected status.

Permitting a landlord to dispute or verify the status of a tenant's rights by an action for declaratory relief when there is a far simpler and more affordable procedure for resolving the issue would circumvent the strong tenant protections found in the rent ordinance. Under the relatively uncomplicated and inexpensive procedure set forth in section 37, subdivision (i)(4) of the rent ordinance, a tenant asserting the status of a protected tenant may come before the rent board unrepresented by counsel. The tenant may establish his or her status based on relevant evidence including: "(1) findings by any government entity concerning a disability; [¶] (2) testimony concerning the disability; and [¶] (3) medical evidence concerning the disability." (S.F. Rent Bd., Rules & Regs., pt. 12, § 12.14, subd. (d).) In a declaratory relief action the tenant would be obligated to engage in significantly more protracted and costly legal proceedings, vitiating the protections built into the local ordinance. Similarly, whether the exception to the eviction protection provided by the ordinance for a landlord who owns only one rental unit in the building (rent ordinance, § 37.9, subd. (i)(2)) applies to a particular property can be resolved more expeditiously by the Rent Board. Hence, the trial court did not abuse its discretion in sustaining Beckett's demurrer, leaving the parties to their remedies under the rent control ordinance.[4]

---

[4] Beckett also contends that the appeal is moot because, after filing her notice of appeal, DeLaura withdrew the premises from the rental market pursuant to Government Code section 7060 et seq. (Ellis Act) and served Beckett with a notice of termination of tenancy pursuant to section 37.9, subdivision (a)(13) of the rent ordinance. DeLaura disagrees and argues that the matter is not moot because the attorney fees claimed by Beckett are dependent on their prevailing in the trial court and because Beckett may still challenge the validity of her actions under the Ellis Act. Both Beckett and DeLaura filed requests for judicial notice in support of their arguments regarding the question of mootness, which requests are hereby granted. At oral argument and in a subsequent letter brief, Beckett's attorney stipulated that the notice of termination was without defect and that Beckett would vacate the tenancy within the time provided in the notice. Nonetheless, because the possibility of rescinding the notice remains, we deem it advisable to resolve the appeal on the merits.

## Disposition

The judgment is affirmed. The parties shall bear their respective costs on appeal.

Parrilli, Acting P. J., and Siggins, J., concurred.

A petition for a rehearing was denied February 22, 2006.