Filed 9/25/19 Certified for Publication 10/18/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CAL200, INC. ET AL.,<br>    Petitioners and Appellants,<br>v.<br>APPLE VALLEY UNIFIED SCHOOL<br>DISTRICT ET AL.,<br>    Respondents. | A154705<br><br>(San Francisco County<br>Super. Ct. No. CPF 15514477) |
| CAL200, INC. ET AL.,<br>    Petitioners and Appellants,<br>v.<br>SAN DIEGO UNIFIED SCHOOL<br>DISTRICT<br>    Respondent. | A155699<br><br>(San Francisco County<br>Super. Ct. No. CPF 15514477) |

In September 2015, appellants filed a petition for writ of mandamus against 88 school districts and the California Department of Education. The petition sought traditional mandamus and injunctive relief for alleged violations of Education Code section 51210, subdivision (g), a law requiring no less than 200 minutes of physical education instruction every ten school days for pupils in first through sixth grades. The case was designated complex and assigned for all purposes to a most experienced superior court judge who presided over countless hearings and case management conferences.

1

In June and August 2017, five of the districts—four first, one later—filed motions seeking to have the court issue a writ of mandamus against them, granting the relief sought in the petition: compelling compliance with Education Code[1] section 51210, subdivision (g). In other words, the Districts would consent to the issuance of a writ against them which, along with the associated return process, would provide the relief appellants sought in their petition. Following extensive briefing and two hearings, the superior court granted the Districts' motion. Unsatisfied, appellants appeal, essentially contending they were entitled to more relief than that which they actually received. We disagree and we affirm.

## BACKGROUND

### The Parties and the General Setting

Appellants are Cal200, Inc. and Marc Babin (usually referred to collectively, as appellants). Cal200, Inc. is a corporation "advocating for the right of children to physical education in California's elementary schools." Babin is its President.

Respondents are five of the original 88 School Districts named in appellants' petition. Four of the five are Respondents in Appeal No. 154705: Western Placer Unified School District, Sacramento City Unified School District, Twin Rivers Unified School District, and Milpitas Unified School District (hereafter, for consistency with the briefing, "the Districts"). The fifth Respondent, in Appeal No. 155699, is San Diego Unified School District (San Diego Unified).

### The Proceedings Below

On September 11, 2015, appellants[2] filed what they styled a "Petition for Mandamus and Injunctive Relief for Violation of Education Code Section 51210[, subdivision] (g) and Request for Mandamus and Declaratory Relief for Violation

---

[1] Further unspecified statutory references are to the Education Code.

[2] Actually, the petition was filed on behalf of Cal200, an unincorporated association. Appellant Cal200, Inc. was substituted in by amendment in August 2017.

2

of Public Records Act."  The petition named as respondents 88 School Districts and the California Department of Education (CDE), and alleged two causes of action, for:  (1) mandamus and injunctive relief against all respondents for violation of Education Code section 51210, subdivision (g), and (2) mandamus and injunctive relief against CDE for violation of the California Public Records Act.[3]

The first cause of action sought traditional mandamus and injunctive relief enforcing compliance with the physical education mandate of Education Code section 51210, subdivision (g), which at the time provided as follows:  "The adopted course of study for grades 1 to 6, inclusive, shall include instruction . . . in the following areas of study:  [¶] . . . [¶]  (g)  Physical education, with emphasis upon the physical activities for the pupils that may be conducive to health and vigor of body and mind, for a total period of time of not less than 200 minutes each 10 schooldays, exclusive of recesses and the lunch period."[4]  (Section 51210).

The petition alleged that the Districts did not, and would not, comply with section 51210, subdivision (g) without judicial intervention, the entirety of the first cause of action alleging as follows:

"On information and belief, each respondent fails to comply with the ministerial duties established by Education Code section 51210[, subdivision] (g).

"On information and belief, each respondent will continue the violations of law alleged in this petition until required to do otherwise.  Absent immediate court intervention, each district respondent will continue to violate the physical education

---

[3]  We were advised at oral argument that any issue with CDE was resolved and, as appellants put it, "CDE is not a party here."

[4]  Section 51210 was amended by statute 2015, Chapter 706, and the language in former subdivision (g) was renumbered (a)(7).  The amendment also added this subdivision (c):  "The Legislature finds and declares that neither the original provisions of this section, nor any subsequent amendments to it, were intended to create a private right of action.  However, nothing in this subdivision shall restrict or expand the existing right of any party to seek relief from noncompliance with this section pursuant to a writ of mandate."

3

mandate. Each district respondent's violation of the physical education mandate is causing and will continue to cause irreparable harm to the students of that district.

"On information and belief, through the conduct alleged in this petition, CDE aids and abets the District Respondents' noncompliance with Education Code section 51210[, subdivision] (g).

"Petitioners seek all appropriate relief including mandamus and injunctive relief."

The petition went on to allege that petitioners are entitled to attorney fees and costs pursuant to Government Code section 6259, and ended with this prayer for relief:

"Petitioners ask:

"1.     For mandamus and injunctive relief requiring each respondent to comply with Education Code section 51210[, subdivision] (g).

"2.     Mandamus, injunctive, and declaratory relief compelling CDE to produce the public records described in this petition.

"3.     That this court award such other and further relief as may be appropriate."

While appellants alleged generally that they "advocate for physical education," there is no allegation in the petition that either petitioner has, or ever had, any connection with any of the 88 school districts named as respondents.

We digress momentarily from discussion of the proceedings below to note that the attorney for appellants is Donald P. Driscoll, who himself has some history with section 51210, subdivision (g). That history begins with the case of *Doe v. Albany Unified School District* (2010) 190 Cal.App.4th 668, where Mr. Driscoll was not only counsel of record, he was the father of Doe, a third grade student at the time. And as the Court of Appeal described it, "Doe and his father filed the action against defendants." There, like here, Mr. Driscoll's suit was against a school district and the CDE, claiming the school district was not complying with section 51210, subdivision (g), and that the CDE was facilitating the noncompliance. The trial court sustained defendants' demurrer without leave to amend and dismissed the complaint. The Court of Appeal reversed and remanded with directions to vacate the order and to enter a new order sustaining the demurrer with leave to amend to state a claim for traditional mandamus, holding that

4

plaintiffs had the right to seek enforcement of section 51210, subdivision (g), by way of a writ of mandate.

In October 2013, Mr. Driscoll filed another action in San Francisco County alleging non-compliance with section 51210: *Cal200, Inc. et al. v. San Francisco Unified School District, et al.* (San Francisco County Super. Ct., Case No. CGC-13-534975), which case apparently involved 37 school districts. According to the representations at oral argument, appellants were successful in the case, and were awarded substantial attorney fees.

Returning to the proceedings below, on December 14, the Superior Court designated the matter as complex. As to this, the leading practice treatise has this to say: " 'Complex case' defined: A 'complex case' is an action that requires 'exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel.' " (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 12:47.1, pp. 12(I)-14.) And the authors go on, "[t]he judges to whom cases are assigned should have the ability, interest, training, experience (including experience with complex civil cases) and willingness to participate in educational programs related to the management of complex cases." (*Id.*, ¶ 12:47.5, pp. 12(I)-16 to 12(I)-17.) This was indeed the situation here, where the case was assigned to the Honorable Mary Wiss, a most experienced jurist.

Meanwhile, on November 2, appellants filed a motion for preliminary injunction, set for hearing on December 8. The claimed reason for the preliminary injunction was to "prevent further irreparable harm" to students during the pendency of the case, a claim supported primarily upon two "information and belief" declarations of President Babin and Sophia Yen, apparently based on printouts of elementary school teachers' classroom notes. The motion was also accompanied by a declaration of Mr. Driscoll attaching 558 pages of exhibits.

Appellants' motion was continued to January 14, 2016, but was never ruled on by the court, as it was taken off calendar following appellants' request to depose some 300

5

teachers in the 88 districts, hopefully, as appellants would have it, to obtain information for supplemental declarations in support of the motion.

Some school districts filed answers to the petition, and some filed motions to change venue. And as applicable here, in November 2015, various school districts and CDE filed demurrers. The school district demurrers asserted several grounds, including that appellants had no standing to enforce compliance with section 51210.

By order of March 20, 2017, Judge Wiss sustained CDE's demurrer with leave to amend. And by order of April 17, she overruled the demurrers of the school districts, concluding that the "public interest" exception of Code of Civil Procedure section 1086 gave appellants standing to assert enforcement of the districts' compliance with section 51210.

Appellants filed a First Amended Petition (FAP), addressing the issues raised by CDE's successful demurrer. The allegations against the school districts were, as appellants' brief acknowledges, "unchanged," and the districts filed answers to the FAP.

And then came the pleadings leading to the issue here.

On June 5, the Districts filed what they called a Motion for Entry of Writ (Writ Motion),[5] requesting that Judge Wiss enter a writ of mandamus in favor of appellants as prayed for in the FAP. This was proper, the Districts argued, because they acknowledged their duty to comply with section 51210, affirmatively requested the Superior Court to issue a writ against them enforcing compliance with the section, and consented to be bound by the writ and return process—all as prayed for in the FAP. The Writ Motion was set for hearing on July 7.

On June 27, appellants filed what they called a "Motion for Leave to File a Second Amended Petition in Order to Clarify Prayer and Substitute Cal200, Inc." (Motion to Amend). The motion was, as the title indicates, unusual, not least because appellants sought to strip from their petition their claim for mandamus—the claim, not incidentally,

_____

[5] Actually, there were three other school districts in the Writ Motion, which are not parties here. We do not know what happened to them.

6

they had been pursuing for two years—and to add a cause of action for declaratory relief. As appellants' notice expressly stated, their proposed Second Amended Petition would do this:  "Petitioners will replace the words in the caption of their first cause of action 'FOR MANDAMUS AND INJUNCTIVE RELIEF AGAINST ALL RESPONDENTS' with the words 'FOR MANDAMUS AND INJUNCTIVE RELIEF AGAINST CDE FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST DISTRICT RESPONDENTS' (First Amended Petition, 8:11–12)."

The Districts filed vigorous opposition, arguing among other things appellants' standing to enforce compliance with section 51210 existed only because they invoked the public interest exception available to them based on their prayer for writ relief.  The Districts also argued that appellants' motion to amend was untimely, constituted inexcusable delay invoked as a dilatory tactic in direct response to the Writ Motion, and was unfairly prejudicial:  not only would the SAP add an entirely new cause of action for declaratory relief, it would change the tenor and complexity of the litigation, forcing the Districts to shift strategy and course after nearly two years.

The Districts' Writ Motion and appellants' Motion to Amend came on for hearing on August 11.  Mr. Driscoll appeared for appellants, and ten attorneys appeared for various school districts.  A lengthy hearing ensued, resulting in a Reporter's Transcript of 47 pages.  Among other things, Judge Wiss asked Mr. Driscoll if appellants' motion wasn't "really filed in response to" the Districts' Writ Motion.  He answered, "Absolutely," giving the same answer to Judge Wiss's question whether he was, "in effect, trying to eliminate the relief that they have consented to."  Judge Wiss also confirmed that mandamus, not injunctive relief, is the proper mechanism to compel the Districts' compliance with section 51210, and their ministerial duties under it.  And, she noted, the writ return process is sufficient for appellants to receive the relief to which they are entitled.  Finally, Judge Wiss reiterated that she had "repeatedly" expressed her concern about the "cost of such litigation."  At the conclusion of the hearing, Judge Wiss took both motions under submission, but requested additional briefing on the Writ

7

Motion, on the issue of whether the Districts were required to admit noncompliance with section 51210 as a prerequisite to entry of a writ.

On August 17, Judge Wiss issued her Order Granting in Part and Denying in Part appellants' Motion to Amend, granting their request to substitute Cal200, Inc. but denying their request to add a cause of action for declaratory relief. Doing so, she noted that, given the Districts' undisputed agreement to comply, there was no actual controversy that would give rise to a claim for declaratory relief. As she succinctly put it, "[t]he school districts do not dispute they are obligated to comply with Education Code section 51210, subdivision (a)(7)" and appellants had "fail[ed] to allege the existence of an actual controversy."

On August 29, appellants filed a second amended petition (SAP), to reflect the substitution of Cal200, Inc. There were no changes with respect to the Districts, and they filed answers to the SAP.

On September 8, the Districts submitted additional briefing on the issue of noncompliance as a prerequisite, arguing that admission of noncompliance was not a required element for issuance or entry of traditional mandamus relief under either statutory or common law.

On January 3, 2018, with their supplemental briefing to the Writ Motion still outstanding[6]—and the Writ Motion pending for some six months—appellants filed what they called a Motion for Entry of Judgment, requesting that judgment be entered against the Districts consistent with "the injunct[ive], mandamus and declaratory relief prayed for in the Second Amended Petition[.]"[7] (appellants' Motion for Judgment). The Districts filed opposition, arguing that standing issues aside, injunctive relief is an extraordinary remedy to which appellants were not entitled and, moreover, was unnecessary and duplicative to achieve the Districts' compliance with section 51210. The Districts further

_____

[6] Appellants did not file their supplemental briefing until March 12, 2018.

[7] Although appellants' Motion for Judgment suggested otherwise, as noted, the SAP did not add a cause of action for declaratory relief as to the Districts.

8

argued that appellants' motion impermissibly requested that judgment run to parties not named in the action, i.e., individual teachers, because it expressly sought to impose "personal obligations" upon individual employees who were not named parties in the action, and against whom appellants had no private right of action to enforce section 51210.

On April 24, Judge Wiss heard argument on the Writ Motion and appellants' Motion for Judgment.

On May 3, Judge Wiss entered an order granting the Districts' Writ Motion and denying appellants' motion. Doing so, Judge Wiss ended her order with this "Analysis":

"For the reasons stated below, the Court grants the [Districts'] motion for issuance of a writ ordering them to comply with the PE mandate.

"A writ in this case ordering the [Districts] to comply with the PE mandate provides the relief sought by [p]etitioners by requiring the school districts to comply with the mandate. There is no dispute among the parties that both elements for the issuance of a writ are satisfied in this case: (1) a clear, present ministerial duty on the part of the school districts; and (2) a beneficial interest on the part of [p]etitioners. As such, a writ of mandate is an appropriate and adequate remedy in view of [p]etitioners' claims.

"Petitioners argue that a writ of mandate is an inadequate remedy because it cannot compel the school districts' *employees* to comply with the PE mandate. Petitioners thus argue that this Court should separately order injunctive relief. The Court disagrees. Because a school district, as with any other public entity, can only operate through its employees and agents, any writ compelling the [Districts] to comply with the PE mandate implicitly runs to their employees and agents. Thus, a writ ordering the [Districts] to comply with the PE mandate is an adequate remedy at law, and [p]etitioners' request for injunctive relief is duplicative. See *Common Cause v. Bd. of Supervisors* (1989) 49 Cal.3d 432, 442 (Mandamus, rather than mandatory injunction, is the traditional remedy for the failure of a public official to perform a legal duty. Thus, the legal principles governing judicial compulsion of official acts have developed under the rubric of mandamus rather than injunction).

9

"Petitioners further argue that no writ can issue unless the [Districts] admit noncompliance with the PE mandate. Petitioners failed to provide any authority in support of the proposition that an admission of noncompliance is a prerequisite to the issuance of a writ. Here, the [Districts] have consented to the issuance of a writ by the filing of this motion. Under these circumstances, and for the reasons stated above, the Court grants the motion, and shall issue a writ ordering the [Districts] to comply with the PE mandate, and to file a return no later than October 19, 2018, showing what they have done to comply with the writ."

On May 3, Judge Wiss also filed a Judgment that provided as follows:

"1.     The Petition for Writ of Mandate as to Petitioners' First Cause of Action is granted as to Respondents Western Placer Unified School District, Sacramento City Unified School District, Twin Rivers Unified School District, and Milpitas Unified School District;

"2.     In accordance with this Judgment, the Court has issued a Peremptory Writ of Mandate. This Court shall reserve and retain jurisdiction over this action until such time as Respondents file a return evidencing their compliance with the attached Peremptory Writ of Mandate;

"3.     Any award of attorney fees and/or costs is subject to further proceedings."

And the Peremptory Writ of Mandate referred to in the Judgment was directed to the districts, providing as follows:

"WHEREAS, Judgment having been entered by the Superior Court in this action on May 3, 2018, directing the issuance of peremptory writ of mandate,

"NOW THEREFORE, Respondents ARE HEREBY ORDERED AND DIRECTED immediately on receipt of this writ to comply with the requirements of Education Code section 51210, subdivision (a), paragraph 7.

"Respondents are FURTHER COMMANDED to make and file a return to this Peremptory Writ of Mandate on or before October 19, 2018 showing what Respondents have done to comply with this writ. The court will hold a hearing on November 15, 2018

10

at 1:30 p.m. in Department 305 of the San Francisco Superior Court located at 400 McAllister Street, San Francisco, CA 94102 regarding compliance with the writ."

On May 7, appellants filed a Notice of Appeal.

Following Judge Wiss's ruling for the Districts, counsel for San Diego Unified contacted Mr. Driscoll to discuss a possible stipulation.[8]  Mr. Driscoll apparently agreed in concept to a stipulation, but ultimately did not respond to San Diego Unified's last proposed stipulation.  Rather, on June 5, appellants served a Code of Civil Procedure section 998 offer (998 Offer.)

On August 29, San Diego Unified filed a Motion for Entry of Prayed for Writ of Mandamus, representing it was moving "for the same order as the [Districts]—for the issuance and entry of a writ of mandamus ordering [San Diego Unified] to comply with the P[hysical] E[ducation] mandate."  And since San Diego Unified was seeking the same relief on the same grounds as the Districts, it simply incorporated and attached all of the briefing on the Writ Motion.

Appellants' opposition to San Diego Unified's Motion made the same arguments offered in opposition to the Writ Motion, but added a brief argument not made before and for which it cited no authority:  San Diego Unified "is in a different position because it rejected a Code of Civil Procedure 998 Offer," and appellants "did not make a 998 Offer to the [District] respondents."

San Diego Unified's motion came on for hearing on October 1, and the next day, Judge Wiss granted the motion, on essentially the identical grounds on which she had earlier ruled for the Districts.  And as to appellants' argument regarding the 998 Offer, she rejected it, on the basis it was "irrelevant."  That same day Judge Wiss filed a Judgment identical in substance as the earlier judgment, and directing an identical writ to San Diego Unified.

---

[8]  The contact was apparently based on Mr. Driscoll's stating in open court that other school districts may want to "join in" with the Districts, in an effort to preserve the court's time.

On October 3, appellants filed their Second Notice of Appeal, and we ordered the appeals consolidated.

## DISCUSSION

### Introduction

As described in detail above, 23 months after the petition was filed, the Districts determined that the mandamus sought in the petition was appropriate, and affirmatively moved to have judgment entered against them. Following extensive briefing and two hearings, Judge Wiss issued a comprehensive order that such was appropriate and entered judgment against the Districts. A similar judgment was later entered against San Diego Unified.

Not happy with that, appellants appealed, and come before this court with an opening brief that has one "Argument." The argument has seven sub-parts, designated A through G, but only four of the seven, C through F, actually set forth arguments, asserting as follows:

"C. It Was Error for the Trial Court to Enter the Judgments Without an Evidentiary Proceeding

"D. The Allegations of the Petition Do Not Preclude Writ Relief Beyond the Limited Relief Contained in the Judgments

"E. Appellants Prayed for Injunctive Relief and Nothing in the Petition Precluded the Trial Court from Granting that Relief

"F. The Trial Court Should Have Allowed Appellants to Amend the Petition to State a Cause of Action for Declaratory Relief.[9]"

Against that background, the parties devote many pages of briefing to the standard of review, appellants claiming it is de novo, akin to a judgment on the pleadings, and the

---

[9] Sub-argument A is the claimed "Question Presented"; B is the "Standard of Review"; and G says "Appellants Repeatedly Informed the Trial Court that the Proposed Judgments Would Not Provide the Relief They Sought."

12

Districts claiming it is substantial evidence, the test for review of mandamus. We need not weigh in on this issue , however, as we deem it extraneous to our analysis.

Appellants' sub-argument C, the claimed requirement for an evidentiary hearing, generated many, many pages of briefing. This briefing includes discussion of the scope and breadth of *Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367 in the management of complex cases, and its applicability or non-applicability here. This briefing also includes the very interesting issue of the inherent power of the superior court, a subject we ourselves discussed in *Nazir v. United Airlines* (2009) 178 Cal.App.4th 243, 289–290, where we observed that "[a]s early as 1940 our Supreme Court observed that 'there is nothing novel in the concept that a trial court has the power to exercise a reasonable control over all proceedings connected with the litigation before it. Such power necessarily exists as one of the inherent powers of the court and such power should be exercised by the courts in order to insure the orderly administration of justice.' (*Hays v. Superior Court* (1940) 16 Cal.2d 260, 264,)"—inherent powers, we added, that "have been recognized, endorsed and affirmed in a considerable body of authority, and the powers have been flexibly applied in response to the many vagaries of the litigation process.' [Citation.]" However interesting those issues may be, they too are extraneous to our analysis.

And while it is undoubtably true that some hearing—whether summary judgment, or trial, or something else—is necessary before a judgment can be entered *against* a party, we are not aware of any such requirement before a judgment can be entered that is *favorable* to that party.

The heart of appellants' appeal is their contention that they are entitled to more, as indicated by sub-argument D. And just what more, according to appellants, is injunctive relief, as they expressly argue in sub-argument E: "Appellants Prayed for Injunctive Relief and Nothing in the Petition Precluded the Trial Court from Granting that Relief." In sum and in short, appellants' fundamental position is that they are entitled to injunctive relief. They are not.

13

**No Injunction Was Appropriate**

*Connerly v. Schwarzenegger* (2007) 146 Cal.App.4th 739 (*Connerly*) was a suit by Connerly, as a taxpayer and citizen, against the Governor and Attorney General, seeking (1) a judicial declaration that Government Code section 8315 was invalid and (2) a permanent injunction preventing defendants from implementing or enforcing the section. Defendants moved for judgment on the pleadings, arguing that there was no case or controversy and that plaintiff had no standing to pursue his action. The trial court determined that plaintiff had standing as a voter to challenge the statute, and granted plaintiff's cross-motion for judgment on the pleadings, issuing a judgment declaring the statute void and an injunction prohibiting defendants from enforcing it.

The Court of Appeal reversed, and remanded with directions to dismiss the action, concluding among other things that plaintiff had no standing to entitle him to an injunction. Reaching that conclusion, the court confirmed the applicable law: "An '[i]njunction is an equitable remedy available to a person *aggrieved by certain torts or other wrongful acts . . . .*' (5 Witkin, Cal. Procedure (4th ed. 1997) Pleadings, § 778, p. 235, italics added & omitted.) . . . "To obtain an injunction, a party must show injury *as to himself.* 'To have standing, a party must be beneficially interested in the controversy; that is he or she must have "some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large." ' (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 315 quoting *Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793, 796.) Connerly does not allege any facts showing that he has suffered or will suffer particularized injury as a result of the enforcement or threatened enforcement of Government Code section 8315." (*Connerly*, *supra*, 146 Cal.App.4th at pp. 748–749.)

To the same effect is *Brownfield v. Daniel Freeman Marina Hospital* (1989) 208 Cal.App.3d 405, 415, holding that one seeking an injunction must show "irreparable injury, i.e., a factual showing that the wrongful act constitutes an actual or threatened injury to property or personal rights."

*Connerly* and *Brownfield* are on point. And dispositive. And the Districts rely on both cases. Appellants' reply brief does not even mention, much less discuss, either case.

Were all that not enough, the newly added subdivision (c) in section 51210, quoted above, suggests that appellants' claim for injunction must fail. That is, section 51210 was amended in 2015, which amendment added this subdivision (c): "The Legislature finds and declares that neither the original provisions of this section, nor any subsequent amendments to it, were intended to create a private right of action. However, nothing in this subdivision shall restrict or expand the existing right of any party to seek relief from noncompliance with this section pursuant to a writ of mandate." No private right of action. A writ of mandate. Period.

Finally, we note that any reliance by appellants on the "public interest" exception to the standing rule is unavailing. This subject was discussed by our colleagues in Division Five, in *Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 873–875, a discussion demonstrating that appellants have no standing to obtain an injunction. No, the Court held, citing numerous cases, the "public interest standing exception has been consistently applied only in the context of mandamus proceedings." (*Reynolds*, *supra*, 223 Cal.App.4th at p. 874.) As the leading practical treatise puts it, the exception "applies *only* to mandamus proceedings; it does not apply to suits seeking redress for past governmental malfeasance." (Weil & Brown Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 2:66, p. 2-29; also see *Hector F. v. El Centro Elementary School Dist.* (2014) 227 Cal.App.4th 331, 342 [public interest exception solely applicable to prayer for writ relief].)

**Judge Wiss Did Not Abuse Her Discretion in Denying Appellants' Motion to Amend**

Appellants' other substantive argument is that Judge Wiss "should have allowed appellants to amend the petition to state a cause of action for declaratory relief." By no means.

As our Supreme Court has distilled it, " 'The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding

15

by adding or striking out the name of any party . . . .' " " 'Leave to amend a complaint is thus entrusted to the sound discretion of the trial court. ". . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. *More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court.* Thus, even if the reviewing court might have ruled otherwise in the first instance, [which we add, parenthetically, we would not have,] the trial court's order will . . . not be reversed unless, as a matter of law, it is not supported by the record." ' [Citations.]" (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.)

To recap, appellants made their motion to amend only after the Districts filed their Writ Motion, "absolutely" in response to it, Mr. Driscoll admitted to Judge Wiss. And, we hasten to add, appellants' motion to amend was almost two-years after their petition, two-years during which the case was being vigorously—and expensively—litigated.

While it is true that motions to amend should be liberally granted, numerous courts have affirmed denials of motions to amend when the appellant has not been able to show an abuse of discretion. Which is the situation here, for at least two reasons.

As described above, Judge Wiss held that with the Districts' agreement to allow mandamus to be entered against them, there was no "case or controversy." And since there was not, declaratory relief, the claim appellants were attempting to add, would not lie. (See *De Laura v. Beckett* (2006) 137 Cal.App.4th 542, 545 [" ' "The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject." ' [Citation.] The court may sustain a demurrer on the ground that the complaint fails to allege an actual or present controversy, or that it is not 'justiciable.' The court also may sustain a demurrer without leave to amend if it determines that a judicial declaration is not 'necessary or proper at the time under all the circumstances' "]; also see *Maguire v. Hibernia Savings & Loan Assoc.* (1944) 23 Cal.2d 719, 728 ["existence of actual controversy"].)

Since declaratory relief would not lie, denial of the motion to amend was proper, as held in numerous cases where the proposed amended pleading was insufficient to state

16

a cause of action.  (*Vogel v. Thrifty Drug Co.* (1954) 43 Cal.2d 184, 189; *Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 652, and cases there collected.)

Another, and separate, basis for upholding denial of a motion to amend is delay in moving to amend.  (*California Concrete Co. v. Beverly Hills Savings & Loan Assn.* (1989) 215 Cal.App.3d 260, 272; *Dos Pueblos Ranch & Improv. Co. v. Ellis* (1937) 8 Cal.2d 617, 622 [delay indicative of bad faith].)  Not only was appellants' motion to amend made almost two years after their original petition, it was made only in response to the Writ Motion.  It was properly denied.  (*Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 486–488; *Hulsey v. Koehler* (1990) 218 Cal.App.3d 1150, 1159.)

*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263 addressed this issue in the setting where plaintiff made a motion to amend in response to defendants' motion for summary judgment, analogous to appellants' motion here in response to the Writ Motion.  The trial court denied the motion to amend, and the Court of Appeal affirmed, with this language:  "Further, unwarranted delay in seeking leave to amend may be considered by the trial court when ruling on a motion for leave to amend [citation], and appellate courts are less likely to find an abuse of discretion where, for example, the proposed amendment is ' "offered after long unexplained delay . . . or where there is a lack of diligence." ' [Citation.]  Thus, when a  plaintiff seeks leave to amend his or her complaint only after the defendant has mounted a summary judgment motion directed at the allegations of the unamended complaint, even though the plaintiff has been aware of the facts upon which the amendment is based, '[i]t would be patently unfair to allow plaintiffs to defeat [the] summary judgment motion by allowing them to present a "moving target" unbounded by the pleadings.' "  (*Id.* at p. 1280.)  And, the opinion ended, "[t]he trial court could reasonable conclude that any amendment was inconsistent with plaintiffs' theory of the case, and reject it on that basis."  (*Id.* at p. 1282.)

17

## DISPOSITION

The judgments are affirmed. The five School Districts shall recover their costs on appeal.

_____

Richman, Acting P.J.

We concur:


_____

Stewart, J.


_____

Miller, J.


*Cal200, Inc. v. Apple Valley Unified School District* (A154705)
*Cal200, Inc. v. San Diego Unified School District* (A155699)

19

Filed 10/18/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CAL200, INC., et al., <br><br> Petitioners and Appellants, <br><br> v. <br><br> APPLE VALLEY UNIFIED SCHOOL DISTRICT, ET AL., <br><br> Respondents. | A154705 <br><br> (San Francisco County Super. Ct. No. CPF 15514477) |
| CAL200, INC., et al., <br><br> Petitioners and Appellants, <br><br> v. <br><br> SAN DIEGO UNIFIED SCHOOL DISTRICT <br><br> Respondent. | A155699 <br><br> (San Francisco County Super. Ct. No. CPF 15514477) <br><br> **ORDER CERTIFYING OPINION FOR PUBLICATION** |

BY THE COURT:

The opinion in the above-entitled matter filed on September 25, 2019, was not certified for publication in the Official Reports. For good cause, the request for publication by Respondents is granted.

1

Pursuant to California Rules of Court, rules 8.1105 and 8.1120, the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

Date:_____    _____Acting P.J.
                                       J. Richman, Acting P.J.

Trial Judge:                        Hon. Mary Wiss

Trial Court:                        San Francisco County Superior Court

Attorney for Appellant:             Donald Driscoll

Attorneys for Respondents:          Sloan R. Simmons
                                    Mark R. Breesee